## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

April 7, 2025

### LETTER MEMORANDUM

Re:  *Deonca Williams v. Experian Information Systems*,
<u>Civil Action No. 24-10917 (ES) (JSA)</u>

Dear Parties:

Before the Court is *pro se* plaintiff Deonca Williams's ("Plaintiff") application to proceed *in forma pauperis* ("IFP").  (D.E. No. 1-6).

On December 29, 2023, Plaintiff initiated this matter in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County against defendant Experian Information Systems ("Defendant") alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.  (D.E. No. 1-1 ("Complaint")).  On December 5, 2024, Plaintiff removed the instant matter to this Court.  (D.E. No. 1 ("Notice of Removal")).

Pursuant to 28 U.S.C. § 1915, "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs."  *Adkins v. Dupont de Nemours & Co.*, 335 U.S. 331, 342 (1948).  In order to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339 (cleaned up).

Based on Plaintiff's IFP application, made under penalty of perjury, the Court finds she cannot both pay the filing fee and still be able to provide herself with the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's IFP application.

"[W]hen a person proceeds in forma pauperis, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'"  *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).  Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."  *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

Next, the Court reviews the Complaint *sua sponte* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a).  A district court shall dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. In addition, the Court recognizes that it also has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g.*, 28 U.S.C. § 1447(c) (providing that if, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))).

Removal is governed by federal statutes. *See* 28 U.S.C. §§ 1441, 1443, 1446. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ***the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, federal law is clear that only a defendant or defendants may remove a state court case to federal court—stated differently, "plaintiffs cannot remove suits to federal court." *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that [28 U.S.C. §§ 1441, 1443, and 1446] confine the right of removal from a state court to a federal district court to *a defendant or defendants*." (emphasis in original)). Because a plaintiff is "master of h[er] own claim" and can avoid federal jurisdiction by relying on state law, "it is considered just and proper to require the plaintiff to abide by h[er] choice of forum." *Marcone v. Phila. Marine Trade Ctr.*, No. 98-0438, 1998 WL 334078, at *1 (E.D. Pa. June 23, 1998). Indeed, Congress's decision to restrict removal to defendants is jurisdictional; accordingly, plaintiffs who choose to file their claims in state court deprive the federal court of subject matter jurisdiction. *See, e.g.*, *Shamrock Oil & Gas*, 313 U.S. at 107 (explaining that altering the language of the removal statute "indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal").

Furthermore, "[t]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tolls Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted). The party seeking to remove an action has the burden of proving that removal was proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

On December 5, 2024, the Honorable Jessica S. Allen, U.S.M.J., issued an Order to Show Cause as to why this matter should not be remanded to state court as improperly removed to federal court. (D.E. No. 3). On December 20, 2024, Plaintiff responded to the Order to Show Cause. (D.E. No. 4).[1] Although not a model of clarity, Plaintiff appears to argue that this Court has both federal question and diversity jurisdiction over the instant matter. (*Id.* at 1–4). She claims that Defendant along with other "major credit reporting agencies" regularly appear in federal court and cites to two cases that were "transferred" to this Court which she contends involve the same federal question, but ignores the fact that the *defendants* removed those cases. (*See id.* at 4–5 (citing

---

[1] All pin citations to Docket Entry Number 4 are to the page numbers automatically generated by the Court's CM/ECF Case Management System.

2

*Cohen v. Experian Information Solutions, Inc.*, No. 24-8299, D.E. No. 1 (D.N.J. Aug. 6, 2024) and *Shabot v. Experian Information Solutions, Inc.*, No. 24-9250, D.E. No. 1 (D.N.J. Sept. 18, 2024))).

Here, Plaintiff exercised her prerogative as "master of [her] own claim" to choose her preferred forum among the proper fora when she filed her claims in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County. *See Marcone*, 1998 WL 334078 at *1. Accordingly, it is proper to expect Plaintiff to litigate her claims in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County. *See id.* Indeed, the law is clear that by filing her claims in state court, Plaintiff stripped this Court of subject matter jurisdiction to hear her case. *See Conner*, 457 F.2d at 1243. Absent subject matter jurisdiction, the case must be remanded for adjudication. *See, e.g.*, *Williams v. Rivera*, No. 06-5539, 2007 WL 608973, at *3 (D.N.J. Feb. 23, 2007) ("Williams is the plaintiff and, thus, is not the appropriate party to move for removal to federal district court. Therefore, this case will be remanded to the Bayonne Municipal Court."); *see also Gloria Sun Jung Yun v. New Jersey*, No. 18-17283, 2019 WL 1002944, at *1, n.1 (D.N.J. Feb. 28, 2019) ("It does not appear that [p]laintiff is currently a defendant in a state court civil matter. Thus, there is no case for [p]laintiff to remove."); *Schwartz v. Nugent*, No. 17-9133, 2018 WL 3069220, at *4 (D.N.J. June 21, 2018) ("As Schwartz is the plaintiff, he cannot remove the case he commenced in state court to this Court.").

For the reasons set forth above, this action, as removed by Plaintiff, is **REMANDED** to the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County. An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
